GEORGE L. RECORD, PLAINTIFF AND APPELLEE, v. PENNSYLVANIA RAILROAD COMPANY AND LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, DEFENDANT AND APPELLANT.

Argued June 5, 1907—Decided November 11, 1907.

The plaintiff sued for damages resulting from a collision of the automobile, in which he was riding upon a city street, with an iron trolley pole as the result of a sudden turn of the vehicle to avoid the gates of a railroad crossing, which had been lowered. The accident occurred in the night-time. The case showed that the plaintiff's headlights were burning, but that the usual lights upon the gates were out, and that as to the brightness of the street and other lights in the vicinity the evidence was conflicting. The case was tried before a judge, without a jury, who gave judgment for the plaintiff against the railroad companies, the defendants. On appeal it was *held*—

(1) That the absence of the lights usually attached to the gates was sufficient evidence of negligence to make it a jury question.

(2) That the rate of speed at which plaintiff was traveling, twelve or fifteen miles an hour, did not constitute negligence *per se*, but that the question of contributory negligence in the case was also a jury question.

(3) That in the absence of direct proof that the gateman was the servant of one of the defendant companies, it appearing that the company used the tracks at the crossing for the passage of its trains, and that the gateman lowered the gates upon their approach, there was evidence sufficient to support a finding that the relation of master and servant did exist between the gateman and the company.

(4) The arresting of the cross-examination of certain witnesses by counsel of the defendants, which related to matters that were collateral only, was within the discretion of the trial judge, and no palpable abuse of that discretion appearing, his action was not reviewable.

On appeal from the First District Court of Jersey City.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, the Pennsylvania Railroad Company, *Vredenburgh, Bedle, Wall & Wilson.*

For the appellant, the Lehigh Valley Railroad Company of New Jersey, *Collins & Corbin.*

For the appellee, *J. Merritt Lane.*

The opinion of the court was delivered by

HENDRICKSON, J.   The plaintiff recovered a judgment against both of the defendants for damages resulting from the alleged negligence of the gateman in charge of the gates at the railroad crossing of Frelinghuysen avenue, in the city of Newark. The case was heard before a judge sitting without a jury in the First District Court of Jersey City, who rendered judgment for the plaintiff in the sum of $240. The defendants have brought separate appeals. The claim of damage was based upon injuries to his automobile and to himself as the result of an accident which occurred in this wise: On July 15th, 1906, about nine P. M., the plaintiff was traveling northward along Frelinghuysen avenue into the city of Newark in an automobile which he was driving. He was going at the rate of from twelve to fifteen miles an hour, with his headlights burning, and when within about twenty-five feet of the crossing he noticed for the first time, as he testified, that the gates were lowered. He then turned his car suddenly to the right, in order to avoid collision with the gates, coming in contact with an iron trolley pole. As a result the plaintiff was thrown forward over the front of the machine and the latter was broken and injured.

Among the alleged errors complained of was the denial by the trial judge of motions to nonsuit and direct a verdict in favor of the defendants. The grounds of the motions were mainly that no negligence was shown on the part of the de-

fendants and that the plaintiff's negligence contributed to the accident.

As to negligence, there was evidence that ordinarily the gates had lanterns attached to them, which were lighted at night, but that on the occasion in question one or both of the gates were without lights attached, or they had gone out and were not lighted again until after the accident. The question of negligence on the part of the gateman in this respect thus became a jury question.

As to contributory negligence, the special reliance of the defendants is that, it being a dark night, the plaintiff was traveling at an undue rate of speed as he approached the crossing. But the plaintiff testified that he had been over this road only once or twice before and that he did not remember this crossing, which was not upon an embankment, but flush with the street. In the absence of the usual lights upon the obstructing gates to warn the traveler, we cannot say that it was negligence *per se* for the plaintiff to travel over the highway in his auto, well lighted as it was, at the speed of from twelve to fifteen miles an hour. Nor does plaintiff's alleged negligence clearly appear, because there was an arc light burning above and near the gates, and possibly some light from the headlight of an engine standing near the gates on the Lehigh Valley railroad track. There was evidence that the globe on the street light had been broken and that the light from it in that condition was thereby much diminished, and that in fact the gates were not plainly visible in the light that did prevail. This also was a question of fact for a jury. And there being some evidence, we cannot disturb the finding of facts upon these questions by the trial judge. Nor do we think that the sudden turning of the car by the plaintiff in the face of danger showed such a want of reasonable care as to make his alleged negligence a court question.

Another ground urged in behalf of the Pennsylvania Railroad Company is that it was the presence of a Lehigh Valley railroad train at the crossing that gave occasion for the accident, and hence that, according to an agreement between it

and the Lehigh Valley Railroad Company for the joint maintenance of these gates, the latter company alone should be responsible for the damages arising out of such accident, but it is too plain for argument that such an agreement cannot operate to avoid a liability of one of the contracting parties to a third party who was an entire stranger to the agreement.

It is urged on behalf of the Lehigh Valley Railroad Company of New Jersey that it was error in the trial judge to admit in evidence this agreement over its objection without proof of the instrument and particularly as it was not shown to have been a party to such agreement. But this instrument was produced by the Pennsylvania Railroad Company on call and was properly evidential against that company, and could not be excluded at the instance of the other defendant. The proper course for counsel of the Lehigh Valley Railroad Company of New Jersey was to request the trial judge to exclude the agreement from consideration upon the question of the liability of the Lehigh Valley Railroad Company. This course was not taken, so that we find no error in the ruling of the trial judge in this respect.

It is further contended in behalf of the Lehigh Valley Railroad Company of New Jersey that there was no evidence that the gateman was the servant of that company or under its direction. But Mr. Meeker testified that he was agent of the Lehigh Valley Railroad Company in New Jersey and identified on a map made by himself two tracks of the company, located at the crossing, marked Lehigh Valley railroad passenger trains, which he said were the east and westbound tracks of that company, and that the ownership of the company ran to the line of the crossing and that all their passenger trains used these tracks and that others of the tracks were used by the Pennsylvania Railroad Company; the gateman also testified that the freight trains of both companies use this crossing, and that on the occasion of the accident he had let down the gates because of the approach of a Lehigh Valley railroad train, which stopped near the crossing. We think there was evidence to go to a jury on the question whether both of the companies who owed a duty to the public

at that crossing were not engaged in maintaining the gates in question as part of their duty in that regard, and that the gateman was in effect the servant of both companies; we think, therefore, that there was no error in the court's refusal to nonsuit or direct a verdict upon the ground just stated.

It is further urged on behalf of the Lehigh Valley Railroad Company that the trial judge erred in arresting the further cross-examination of the plaintiff's witnesses Noble and Flanagan. They were being questioned at the time upon collateral matters for the purpose of testing the credibility of the witnesses, when the trial judge, of his own motion, overruled the questions.

We think the action of the trial judge was within his discretion, and that there was no palpable abuse of that discretion. The court's action in that respect is therefore not subject to review. 1 *Greenl. Evid.* 431, 448, 449; *Jones* v. *Mechanics Fire Insurance Co., 7 Vroom* 29, 42; 8 *Encycl. Pl. & Pr.* 109, 118.

And finding no error in the rulings on the points raised below the result is that the judgment below must be affirmed.